# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings<br>Under Chapter 13 |
| BARBARA A. MOSLEY | |
| | Case No. 18-30771 |
| Debtor(s). | |

## OPINION

This case presents the issue of whether the Court must dismiss or convert a Chapter 13 case for cause where, due to substantial educational loans, a debtor exceeds the debt limits imposed by 11 U.S.C. § 109(e).

## FACTS

Debtor Barbara A. Mosley ("Debtor") filed a petition under Chapter 13 of the Bankruptcy Code on May 21, 2018. On her Schedule E/F, the Debtor listed unsecured, non-contingent, liquidated debts totaling $513,550.73. This figure included $384,165.00 in student loans. On June 4, 2018, the Chapter 13 Trustee ("Trustee") filed a Motion to Dismiss Case, which was subsequently amended to the instant Motion to Dismiss or Convert Case on June 14, 2018. The Trustee asserts that because the Debtor's unsecured, non-contingent, liquidated debt exceeds the statutory limits imposed by § 109(e) of the Bankruptcy Code, she is ineligible to be a debtor under Chapter 13 and, accordingly, the case must be either dismissed or converted pursuant to 11 U.S.C. § 1307(c).

Although the Debtor acknowledges that her unsecured, non-contingent, liquidated debts exceed the statutory limit, she maintains that because this debt is comprised primarily of student

loans, dismissal of her case is not appropriate and that she should still be eligible for Chapter 13 relief.[1]

## **DISCUSSION**

Section 109 of the Bankruptcy Code sets forth the basic eligibility criteria for filing a bankruptcy petition. It "serve[s] an important gatekeeping role[,] [as its] provisions 'specify who qualifies—and who does not qualify—as a debtor under various chapters of the Code.'" *Puerto Rico v. Franklin California Tax-Free Trust*, ___ U.S. ___, 136 S.Ct. 1938, 1947, 195 L.Ed.2d 298 (2016) (quoting *Toibb v. Radkiff*, 501 U.S. 157, 161, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991). The filing limitations for Chapter 13 are set forth in 11 U.S.C. § 109(e). It provides, in pertinent part:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated secured debts of less than $1,184,200, . . . except a stockbroker or a commodity broker . . . may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e). The purpose of this subsection is to ensure that only relatively small debtors invoke the streamlined provisions of chapter 13. *In re Glance*, 487 F.3d 319 (6th Cir. 2007). "The eligibility criteria set forth in section 109(e) are specific and restrictive, with monetary amounts established to govern eligibility so as to ensure that those persons for whose benefit the chapter is directed are those who employ its provisions." 2 COLLIER ON BANKRUPTCY ¶ 109.06 (Richard Levine & Henry J. Sommer eds., 16th ed.).

Because § 109 does not contain an enforcement mechanism, the Trustee has brought his motion pursuant to 11 U.S.C. § 1307(c). This subsection permits the court to either dismiss a Chapter 13 case or convert it to a proceeding under chapter 7 "for cause." While that term is not expressly defined, the statute provides a nonexclusive list of examples of what may constitute

---

[1] The Debtor responded to the Trustee's initial Motion to Dismiss and does not address his amended alternative request for conversion.

"cause" for purposes of this section. 11 U.S.C. §1307(c)(1)-(11). *See also In re Love,* 957 F.2d 1350, 1354 (7th Cir. 1992); *In re Pratola*, 2018 WL 4181498 at *5 (N.D. Ill. August 31, 2018); *In re Fishel,* 583 B.R. 474, 476 (Bankr. W.D. Wis. 2018); *In re Jensen*, 425 B.R. 105, 109 (Bankr. S.D.N.Y 2010); 8 COLLIER ON BANKRUPTCY ¶ 1307.04 (Richard Levine & Henry J. Sommer eds., 16th ed.).

Eligibility under § 109(e) is not specifically referenced in § 1307(c). However, several courts that have addressed the issue have concluded that exceeding the statutory debt limit does constitute cause to either dismiss or convert a debtor's case under that section. *In re Petty*, 2018 WL 1956187 (Bankr. E.D. Tex. April 24, 2018); *In re Bailey-Pfeiffer*, 2018 WL 1896306 at *3 (Bankr. W.D. Wis. 2018 March 23, 2018); *Matter of McGovern*, 122 B.R. 712, 717(Bankr. N.D. Ind. 1989). Numerous other courts, including the Seventh Circuit, have upheld dismissal or conversion due to lack of eligibility under § 109(e) without reference to § 1307(c). *Matter of Day*, 747 F.2d 405 (7th Cir. 1984); *In re Glance*, 487 F.3d 317 (6th Cir. 2007); *In re Mazzeo*, 131 F.3d 295 (2nd Cir. 1997); *Miller v. U.S. Through Farmers Home Admin.*, 907 F.2d 80 (8th Cir. 1990).

There is no dispute in the instant case that the Debtor's unsecured, non-contingent, liquidated debts of $515,550.73 far exceed the statutory maximum imposed by §109(e). Despite her ineligibility for Chapter 13 relief, the Debtor still maintains that dismissal or conversion of her case is not required. Specifically, she asserts that because virtually all her debt is comprised of educational loans, there is no "cause" for dismissal under § 1307(c).

In support of her position, the Debtor relies on *In re Pratola*, 578 B.R. 414 (Bankr. N.D. Ill. 2017). The facts of that case were nearly identical to those in the instant case. The debtor filed a Chapter 13 petition in which he listed $568,671.00 in student loan debt. The Trustee moved to dismiss the case for cause under § 1307(c), arguing that because the debtor exceeded the unsecured debt limit prescribed by § 109(e), he was ineligible for Chapter 13 relief.

3

The bankruptcy court ultimately denied the Trustee's motion. Although the court acknowledged that ineligibility due to excessive debt is "usually" cause for dismissal or conversion, it nonetheless permitted the debtor to proceed. *Id.* at 419. It reasoned that § 109(e) was ambiguous because it does not expressly provide for dismissal or conversion of the case where the debtor exceeds the debt limit. Therefore, the Court opined it was necessary for it to look beyond the text and at the legislative history of the statute to discern the drafters' intent. *Id.*

From its review, the bankruptcy court concluded that Congress did not intend to exclude individual wage earners with substantial debt from filing Chapter 13. Instead, the debt limits were implemented by Congress in an attempt to "prevent sole proprietors with large businesses from abusing creditors by avoiding chapter 11." *Id.* at 420 (quoting H.R. Doc. 93-137, at 118-119 (1977). Further, the court determined that including educational loans in the § 109(e) debt limits was contrary to public policy, as it prevented debtors such as Mr. Pratola from seeking Chapter 13 relief due solely to his large student loans. The court observed that the cost of education has dramatically outpaced any corresponding increases in the statutory debt limits. This has created "an absurd situation in which an individual with modest income and a large amount of educational debt may exceed the chapter 13 debt limits," *Pratola*, 578 B.R. at 421. Because these types of individual debtors are generally not well-suited for Chapter 11 relief, the court reasoned that the only way to protect their "fresh start" was to exclude their educational debt from the § 109(e) calculation. *Id.* at 422.

Certainly, the bankruptcy court's ruling in *Pratola*, supports the Debtor's position. Unfortunately for the Debtor, however, that decision was recently reversed on appeal.[2] *In re Pratola*, 2018 WL 4181498 (N.D. Ill. Aug. 31, 2018). Contrary to the bankruptcy court's interpretation of §

---

[2] The Debtor filed her brief in this case on August 9, 2018 in which she relied heavily on the bankruptcy court's decision in *Pratola*. That decision was reversed on August 31, 2018.

109(e), the district court found that the clear text of the statute precludes a debtor who exceeds the stated debt limits from being a Chapter 13 debtor. The court explained:

> Section 109(e)'s text unambiguously prevents Debtor, who the parties agree owed $591,223 in noncontingent, liquidated, unsecured debt on the date of his petition, from proceeding under Chapter 13. According to the statute, '[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of *less than $394,725*' may be a Chapter 13 debtor. § 109(e) (emphasis added). Beyond specifying that the debt subject to this limit must be noncontingent, liquidated, and unsecured, the statute contains no reference to specific types of debt or any indication that the type of debt would affect a debtor's eligibility to file a petition under Chapter 13. . . . Debtor owes more than the unsecured debt limit: despite the educational nature of this debt, under the plain language of § 109(e), he is ineligible for Chapter 13.

*Pratola*, 2018 WL 4181498 at *6.

The court noted that this conclusion was overwhelmingly supported by both the Seventh Circuit and other authority. Among the cases cited by the court were *In re Day,* 747 F.2d 405, 407 (7th Cir. 1984) and *In re Knight*, 55 F.3d 231, 232 (7th Cir. 1995), in which the Seventh Circuit affirmed the dismissal of Chapter 13 cases where the debtors failed to satisfy the eligibility requirements of § 109(e).

Based on its "plain language" approach, the district court also rejected the bankruptcy court's policy arguments for excepting student loans. Finding that the nature of the debt was irrelevant and that there was no statutory authority for excluding educational loans from the § 109(e) debt calculation, the court explained:

> The Court is not unsympathetic to the policy concerns raised by the Bankruptcy Court. . . regarding individuals with large amounts of educational debt, but the power to create such an exception to § 109(e) lies with Congress rather than with the courts. . . . Courts must enforce statutes as written; they cannot 'rewrite the statute that Congress has enacted.' Creating an exception to Chapter 13's eligibility requirements effectively rewrites the statute, substituting a discretionary substantive standard for the bright-line rule established by Congress.

*Pratola*, 2018 WL 4181498 at *8.

After determining that a debtor with debts exceeding the debt limit was ineligible for Chapter 13 relief, the district court next addressed whether dismissal or conversion of an ineligible debtor's case under § 1307(c) was required. While the court acknowledged that a bankruptcy court does have discretion in determining whether to dismiss or convert a case for cause, such discretion may not be exercised in contravention of clear statutory authority. Where a debtor is clearly ineligible for Chapter 13, the bankruptcy court only has discretion to convert the debtor's case to either Chapter 7 or Chapter 11 rather than dismissing it. "[It] does not have discretion to ignore [a] [d]ebtor's ineligibility for relief under § 109(e)'s plain terms and allow him to proceed with his Chapter 13 case based on a finding that doing so is in the best interests of the estate and creditors." *Id.* at 10. Because a debtor who exceeds the statutory debt limits cannot obtain Chapter 13 relief, there is no basis for allowing the case to continue under that chapter and accordingly, the court concluded that the case must be dismissed or converted "for cause" under § 1307(c). *Id.* at 9.

After considering the arguments of the parties and the relevant authority, this Court agrees with the district court in *Pratola*, that a debtor's failure to satisfy the eligibility requirements of § 109(e) constitutes "cause" for dismissal or conversion under § 1307(c). The statutory requirements as to who may be a debtor under Chapter 13 are exceedingly clear. Only a debtor with unsecured debt of less than $394,725 is eligible for Chapter 13 relief. There is no question that here, the Debtor's unsecured debts of $513,550.73 far exceed that statutory ceiling and, accordingly, she is precluded from proceeding under that chapter.

The Court recognizes that this plain text interpretation of § 109(e) has the effect of forcing debtors with substantial student loan debt to file Chapter 11 if they wish to reorganize. While the Court understands that this a more difficult and expensive option, there is simply no authority under § 109(e) for treating debtors with substantial student loan debt differently from other debtors. There are numerous statutory provisions which afford special treatment to educational loans. For instance,

6

student loan debt is presumptively nondischargeable in bankruptcy absent a showing of undue hardship. 11 U.S.C. § 523(a)(8). In addition, educational loans are subject to special repayment provisions and deferral mechanisms that are not available for other types of loans. *See* 20 U.S.C. § 1071 *et. seq.* Clearly, Congress could have excluded student loan debt from the debt limit requirements of § 109(e) had it chosen to do so. However, it did not make any such exception and, therefore, neither can this Court.

As the Debtor is ineligible for Chapter 13 relief under § 109(e) and has indicated that she does not wish to convert her case to either Chapter 7 or to Chapter 11, the Court has no alternative but to dismiss her case pursuant to 11 U.S.C. § 1307(c). For the reasons set forth herein, the Trustee's motion is granted and this case is dismissed.

SEE WRITTEN ORDER.

ENTERED: October 24, 2018

/s/ Laura K. Grandy
_____
UNITED STATES BANKRUPTCY JUDGE